## IN THE SUPREME COURT OF THE STATE OF NEVADA

BRANCH BANKING AND TRUST COMPANY, SUCCESSOR-IN-INTEREST TO COLONIAL BANK BY ACQUISITION OF ASSETS FROM THE FDIC AS RECEIVER FOR COLONIAL BANK, A NORTH CAROLINA BANKING CORPORATION ORGANIZED AND IN GOOD STANDING UNDER THE LAWS OF NORTH CAROLINA,
Appellant,
vs.
SIMON LAVI, AN INDIVIDUAL,
Respondent.

No. 67123

FILED

MAY 11 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order awarding attorney fees and costs in an action to recover on a guaranty. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

Respondent initially joined with his codefendants in employing two law firms to defend the action. Over a year later, he hired separate attorneys to represent his interests because of a conflict of interest with his codefendants. Thereafter, he successfully sought writ relief from this court, which resulted in a favorable judgment in the underlying action, and the district court then granted his request for attorney fees and costs.

Appellant contends that the district court did not adequately address the *Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 349, 455 P.2d 31, 33 (1969), factors in awarding respondent $300,400 in attorney fees and $16,828.74 in costs. It specifically contends that the work performed by respondent's first two law firms were not reasonable because respondent had asserted to the court that he had fired those attorneys on

16-14873

the ground that they did not "adequately or appropriately defend[ ] his interests and . . . failed to raise legitimate claims and defenses."

The district court awarded respondent his attorney fees based on the guaranty's clause allowing the prevailing party reasonable attorney fees, which requires the district court to determine the reasonableness of the requested attorney fees. The district court also awarded respondent his costs under NRS 18.020, and such costs must also be reasonable. *See* NRS 18.005. While the district court stated that it considered the reasonableness of the requested attorney fees under the *Brunzell* factors and reduced the award of attorney fees by $25,092, it is unclear from the record before us why the court determined that amount was unreasonable or even which attorneys had incurred that amount. Without any analysis regarding which fees or costs are reasonable or what the $25,092 reduction applied to, we cannot adequately review the award of attorney fees and costs. *See Logan v. Abe,* 131 Nev., Adv. Op. 31, 350 P.3d 1139, 1143-44 (2015) (explaining that this court reviews an award of attorney fees and an award of costs for an abuse of discretion). Therefore, we reverse the award of attorney fees and costs and remand this matter to the district court to determine the reasonableness of the fees and costs incurred by each attorney that represented respondent.

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc: Hon. Valerie Adair, District Judge
Stephen E. Haberfeld, Settlement Judge
Sylvester & Polednak, Ltd.
Schwartz Flansburg PLLC
Eighth District Court Clerk